Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5078 | **DATE** | September 6, 2011 |
| **CASE TITLE** | Calvin Burke (#B-60083) v. Westcare Foundation, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [6] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $19.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center. However, this case is dismissed without prejudice for failure to comply with the *qui tam* statute's mandatory filing and service requirements.

■[**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Plaintiff, Calvin Burke, an inmate in state custody, has filed a complaint alleging that Westcare Foundation, Inc, through Richard E. Steinberg, its C.E.O., and several of its corporate officers, violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, by utilizing false patient information and creating false progress notes to obtain approval for payment by the Illinois Department of Corrections for services that Westcare did not render under its contract for drug treatment services at Sheridan Correctional Center. Plaintiff has brought suit under the False Claims Act and the Illinois Whistleblower Reward and Protection Act ("IWRPA"), 740 ILCS 175/1, *et seq*.

Plaintiff's motion for leave to proceed *in forma pauperis* [6] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $19.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time that the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

This is a *qui tam* action. See *Williams v. Wells Fargo & Co.*, 177 F. 352 (8th Cir. 1910) (A *qui tam* action is an action to recover a penalty brought by an informer pursuant to statute where one portion of the recovery goes to the informer and the other portion to the state). The False Claims Act provides that a *qui tam* complaint filed by a private person shall be filed *in camera* and that it shall remain under seal for at least 60 days without disclosure to the defendant, which time may be extended for good cause upon motion by the government. 31 U.S.C. § 3730(b)(2), (3). After the *qui tam* action is filed under seal, the government reviews it and may elect to **(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

intervene and proceed with the action itself. 31 U.S.C. § 3730(b)(2). Alternatively, the government may dismiss the action brought by the private *qui tam* plaintiff. 31 U.S.C. § 3730(c)(2)(A). Here, Plaintiff has not filed his complaint under seal and the government has not been afforded an opportunity to review his allegations of fraudulent billing. Thus, the Court dismisses Plaintiff's case, without prejudice, for failure to comply with the *qui tam* statute's mandatory filing and service requirements. See *Daggett v. Neufelder,* 2011 WL 334531, at *1 (E.D. Wis. Feb. 1, 2011) (dismissing *qui tam* action when plaintiff failed to comply with filing and service requirements); see also *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995) (dismissing plaintiffs' *qui tam* complaint when plaintiffs failed to file complaint under seal or serve government); *Burns v. Lavender Hill Herb Farm, Inc.*, 2002 WL 31513418, at *7 (E.D. Pa. Oct. 30, 2002) (same); *Erickson ex rel. United States v. Am. Inst. of Biological Sciences*, 716 F. Supp. 908, 912 (E.D. Va. 1989).  By failing to file his *qui tam* action under seal, Plaintiff frustrated the congressional goal of preventing wrongdoers from being tipped off that they were under investigation.

  For the reasons set forth above, Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting a complaint that complies in all particulars with the requirements of the False Claims Act.